FILED & ENTERED
FEB 25 2011
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF               :

ALAN WILLIAM WILDING MARTIN    : CASE NO. 04-05209(SEK)
AND JOHANA JIMENEZ CANDAL,
     DEBTORS                  :   CHAPTER 7
-------------------------------

## AMENDED ORDER AUTHORIZING THE WITHDRAWAL OF FUNDS

On February 15, 2008 Ms. Oslenys Alba, as attorney in fact for Johana Jiménez Candal, filed a mount seeking to withdraw unclaimed funds in the amount of $3,746.58 which the Chapter 7 Trustee determined were surplus funds payable to the captioned debtors. Nevertheless, he deposited the funds for the benefit of co-debtor Alan William Wilding Martin who later died. We denied the motion as per footnote order entered and notified on February 21, 2008.

On August 6, 2010. Mr. Brian J. Dilks, as managing partner of Dilks & Knopik, LLC who was the attorney in fact for Christine and Jennifer Wilding who claim to be Mr. Wilding's only children and heirs as co debtor Wilding had divorced co debtor Johana Jiménez Candal and died intestate, also filed a motion to withdraw these funds. He attached an affidavit executed by Mr. Wilding's children attesting to the mentioned facts and seeking the withdraw the unclaimed funds on hand. We scheduled a hearing affording the Attorney in fact and the children an opportunity to appear telephonically. None of them appeared at today's hearing.

The former trustee, Mr. John Zerbe, appeared together with the Assistant U.S. Trustee explaining that on January 24, 2011, he filed an amended motion stating that the funds previously deposited as unclaimed by Alan William Wilding Martin, should have been deposited in favor of both Alan William Wilding Martin and Johana Jiménez

Candal. In open court today, he explained that these came from sale of their residence located in Puerto Rico, owned by both debtors at the time it was sold, so that each was entitled to 50% of these funds. As Mr. Wilding has since died, his heirs are entitle to receive his portion of the proceeds. Under the laws of the Commonwealth of Puerto Rico when an individual dies intestate, his heirs are established by a "Declaratoria de Herederos" and their inheritance can be delivered to them once they obtain a release from the P.R. Department of Treasury.

WHEREFORE, we order the Clerk to deliver $1,873.29 to co debtor Johana Jiménez Candal through her attorney in fact, Ms. Oslenys Alba of International Locator, Inc., at her address of record. The remaining $1,873.20 shall be delivered to Mr. Alan William Wilding Martin's heirs once these are established by a "Delcaratoria de Heredoros" and once they produce the release executed y the P.R. Department of Treasury.

**SO ORDERED**, in San Juan, Puerto Rico, on February 25, 2011.

SARA DE JESUS
U.S. Bankruptcy Judge